Biljac Holding Corporation v. Commissioner.
Biljac Holding Corp. v. Commissioner
Docket No. 6895.
United States Tax Court
1946 Tax Ct. Memo LEXIS 59; 5 T.C.M. (CCH) 857; T.C.M. (RIA) 46243; October 14, 1946
Ralph J. B. Williams, C.P.A., 42 Broadway, New York 4, N. Y., for the petitioner. Albert H. Monacelli, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies as follows: Declared
Value Excess
Year
Income Tax
Profits Tax
1941
$365.33
$74.46
1942
450.57
83.99 The only issue for decision is whether the Commissioner erred in disallowing $2,100 of a claimed deduction of $2,600 for salary paid to Iris P. Bronander in each year. Findings of Fact The petitioner is a real estate holding corporation organized in 1931 under the laws of New Jersey. Its returns for the years in question were filed with the collector of internal revenue for the fifth district of New Jersey. The stock *60 of the petitioner was owned during the taxable years as follows: Iris P. Bronander, Treasurer
48%
W. B. Bronander (her husband), President
49%
H. D. Norquist, Secretary
3%
Iris P. Bronander was about 44 years of age in 1941. She was in ill health during 1941 and 1942. The record does not show how much of her time was devoted to the affairs of the petitioner during those years. The petitioner was organized to hold title to the residence occupied by the Bronanders and to a factory property occupied by Scandia Manufacturing Company, most of the stock of which was owned by the Bronanders. It received annual rental of $1,200 on the residence and $4,800 on the factory during 1941 and 1942. The only other income of the petitioner for 1941 and 1942 consisted of $400 annual interest on two mortgages, and dividends of $15 for 1941 and $470 for 1942. Its expenses for those two years, other than salary to Iris, consisted of taxes, interest on a mortgage held by W. B. Bronander on the factory property, repairs, safe deposit box rent, accountant fees, and three other small items. It issued 38 checks in 1941 and 34 in 1942. Twenty-seven of the total were made out to the *61 Bronanders, including checks for the salary of Iris. She did not make out any of the 72 checks and she signed less than one-half of them. Iris received bills and bank statements. The books of the petitioner were kept by her son during 1941 and 1942 under her direction. The entries for those years covered a few pages only. The only deduction for officer's salary claimed on the returns of the petitioner for 1941 and 1942 was $2,600 each year for the treasurer, Iris P. Bronander. Her salary for prior years had been about $2,080. The record does not show how it was treated for income tax purposes. She has managed the petitioner since its creation. A reasonable deduction for compensation for personal services actually rendered to the petitioner by Iris P. Bronander for the years 1941 and 1942 does not exceed $500 for each year. Opinion MURDOCK, Judge: The petitioner was a family affair which justifies close scrutiny. The Commissioner apparently allowed a deduction of $500 for each year as compensation to Iris P. Bronander and disallowed the balance of $2,600 claimed for each year, although there is no evidence in the record to show what he did. The record does not show just what *62 Iris did for the petitioner but it is apparent that there was nothing to be done to justify a salary of $2,600 each year. If, as seems to be the case, the Commissioner allowed $500 each year, that was ample and as large a deduction as this poor record could possibly sustain under section 23(a). Decision will be entered for the respondent.